IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CT-3086-BO

| | |
|---|---|
| ULYSSES P. GARDNER, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| DR MILTON WESTBERG, et al., ) | |
| Defendant. ) | |

Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 in which he alleges deliberate indifference to his serious medical condition.[1] He names three defendants in his complaint, Dr. Milton Westberg, Nurse Supervisor Rose Brown, and Mr. James W. Vaughan. Defendant Westberg has filed a motion to dismiss, and Defendants Brown and Vaughan have filed a joint motion for summary judgment. Plaintiff has responded to the pending motions, as well as filing a least an additional twenty five documents and letters with the court. Also pending before the court is plaintiff's motion for appointment of counsel. The motions are ripe for determination.

Plaintiff alleges that while housed at Tyrrell Prison Work Farm ("Tyrrell") medical restrictions regarding his activity were in place. However, his medical restrictions were changed, and he was no longer restricted from mopping, sweeping and other activities. Furthermore, his medical conditions, which include both his shoulder injury sustained prior to incarceration and a foot injury following the removal of a mass, were not treated appropriately by medical staff.

---

[1] In the original complaint he also raised issues of his denial in participating in vocational training and his inability to accrue "medical gain-time" as credit against his sentence. These two claims were dismissed in the frivolity review order. (D.E. # 9)

He contends Dr. Westberg removed plaintiff's work restrictions the at the insistence of Nurse Brown. Plaintiff also contends Dr. Westberg scheduled physical therapy appointments, but directed the physical therapist to treat the shoulder injury only, rather than his foot.

i.  Motion to Dismiss (Dr. Westberg)

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief can be granted. In analyzing the motion, a court must determine whether the complaint is legally and factually sufficient. See FED. R. CIV. P. 12(b)(6); Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63 (2007); Giarratano v. Johnson, 521 F.3d 298, 301–02 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See Ashcroft, 129 S. Ct. at 1949–50. Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Ashcroft, 129 S. Ct. at 1949–50.

Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976). In order to be liable, the official must have actual knowledge or awareness of the need. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). The indifference must be objectively harmful enough to establish a constitutional violation. See id. at 837–40. Disagreement with medical staff over the course of treatment is not sufficient to state an Eighth Amendment deliberate indifference claim. See, e.g., De'Lonta v. Angelone, 330 F.3d 630, 635 (4th Cir. 2003); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). Likewise,

mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105–06.

In the facts presented to the court, Dr. Westberg scheduled physical therapy appointments for plaintiff, in all plaintiff alleges seven were scheduled. (Compl. p. 5 and 6) Dr. Westberg requested medical tests according to plaintiff. (Compl. Attach., p.11 "Dr. Westberg .. submitted by medical information .. for the M.R.I.") Dr. Westberg saw and examined plaintiff on September 15 and 16, 2008, (Compl., Attach. p. 21), and prescribed medications (Compl. Attach., p.52). These allegations rise to no more than a disagreement between an inmate and physician over the course of treatment which is insufficient to state an Eighth Amendment deliberate indifference claim.

ii. Motion for Summary Judgment (Rose Brown and James W. Brown)

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted & emphasis removed). A trial court reviewing a summary judgment motion should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable

inferences in the non-movant's favor. See Matsushita, 475 U.S. at 587. The court can rely on the medical affidavits and prison medical records in ruling on a motion for summary judgment. See generally, Stanley v. Hejirika, 134 F.3d 629, 637-38 (4th Cir. 1998); Marshall v. Odom, 156 F. Supp. 2d 525, 530 (D. Md. 2001); Bennett v. Reed, 534 F. Supp. 83, 86 (E.D.N.C. 1981), aff'd, 676 F.2d 690 (4th Cir. 1982). The deliberate indifference standard is the same as set out in the motion to dismiss discussion.

Nurse Brown's affidavit states that she has never advised a physician or physician extender to change an inmate's restrictions, nor does she have authority to "impose, change, or remove any inmates medical restrictions." (Brown Aff.) Nurse Brown also has no authority to transfer inmates. (Id.) She had no involvement with plaintiff's transfer to McCain or any other facility. (Id.)

Defendant Vaughan is the former Superintendent for Custody and Operations at Tyrrell. Vaughan is alleged to have "cover[ed] up the mess the Doctor and Nurse Supervisor made of my medical situation." Defendant Vaughan signed the Step One Responses to several grievances filed by plaintiff taking issue with medical treatment. Nurse Brown states the responses were based on information provided to defendant Vaughan by medical staff. Defendant Vaughan did not participate in or interfere with plaintiff's medical treatment.

Plaintiff's contention that Nurse Brown was responsible for altering his medical restrictions is refuted by Nurse Brown's sworn affidavit she had no authority to do so. Alternatively, even if she advised someone that the restriction should be altered, it would constitute no more than a disagreement over plaintiff's course of treatment. De'Lonta, 330 F.3d at 635. Likewise, defendant Vaughan had no role in determining or supervising plaintiff's

4

medial care and is not liable. <u>Farmer</u>, 511 U.S. at 837. Summary judgment for Nurse Brown and Supervisor Vaughan is granted.

Accordingly, defendant Westberg's motion to dismiss is GRANTED (D.E. # 30) and defendant Vaughan's and Defendant Brown's summary judgment motion is GRANTED (D.E. # 39). Therefore, the Clerk is DIRECTED to close the case. All other pending motions are DENIED (D.E. # 58).

So ordered, this the 28 day of February 2011.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE